TRULINCS 57492039 - SALTER, KEDAR - Unit: MIL-D-A                                3

---

FROM: 57492039
TO:
SUBJECT: Motion
DATE: 04/08/2021 01:51:33 PM

IN THE UNITED STATES DISTRICT COURT
_Eastern_ District
_southern_ Division

United States of America                    Case # 19-cr-20307
Plaintiff                                   Judge Nancy G. Edmunds
                                            (expedite)

-vs-
Kedar Salter
Defendant

Motion to Exclude Still Photos Pursuant to F.R.E. 403(B)
Now comes the defendant and respectfully pleas to this honorable tribunal to exclude "still photos" of alleged firearm in possession of defendant. This motion is further supported in the attached memorandum.

Respectfully,

MEMORANDUM
Federal rules of evidence 403(B) excludes potential evidence when its probative value substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Before this honorable tribunal are still photos of defendant allegedly holding or possessing a firearm that the government has charged defendant under "constructive possession". Defendant not being in "actual possession" of the alleged firearm in which he is charged with give this honorable tribunal authority pursuant to federal rules of evidence 403(B) to exclude any potential evidence that will not meet and satisfy the doctrine of beyond a reasonable doubt. The United States Supreme Court has predicated that: A reasonable doubt is a doubt based upon reason and common sense, the kind of doubt that would make a reasonable person hesitate to act. Upon looking at the still photo, the government intends to use as substantial evidence will make any reasonable person "hesitate" before saying that is the same firearm the defendant is charged with. This honorable tribunal must also be cognizant that the United States Supreme Court also predicated that: Proof beyond a reasonable doubt must therefore be of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important and vital matters relating to his own affairs.
No reasonable person if in the circumstance as defendant would agree that the firearm is the same as what he is charged with. Next, in order to establish that the evidence should be excluded, it is not sufficient to suggest that the legitimate probative force of evidence would result in damage to the defendant's case, but rather that the evidence would tent to suggest a decision on an improper basis (United States -vs- Newson, 452 f.3d 593). The Sixth Circuit grants the district court very broad discretion in determining whether the danger of undue prejudice outweighs the probative value of evidence (United States -vs- Vance, 871 f.2d 572) (United States -vs- Vincent, 681 F.2d 462).
The government is now burdened with proving beyond a reasonable doubt that the defendant had the criminal intention to possess the firearm NOT found in his actual possession. This goes to the "Mens Rea" doctrine of proving this was the defendant's intention. (United States -vs- Cravan 478 f.2d 1333). This honorable tribunal must also be cognizant that mere presence alone cannot show the requisite knowledge, power or intention to exercise control over the firearm (United States -vs- Brimley, 529 f.2d(03)). The "theory" of constructive possession requires "specific intent" (United States -vs- Newson, 452 F.3d 593).
The 5th Circuit has explained that if a defendant denies any knowledge of a thing found in an area, the government then must offer evidence to prove that the defendant (1) knew that the thing was present and (2) intended too exercise control over it. (United States -vs- Jones, 484 f.3d 783).
Defendant did not know the charging firearm was in the location it was found, an defendant certainly did not intend to possess or control a firearm he had NO knowledge of. the government can produce no: valid action, no words, or any conduct that link defendant to the firearm, nor can it be produced that defendant had a stake in the firearm. (United States -vs- Clark, 184 F.3d 858) (United States -vs- Parda, 636 f.2d 535).
The evidence will show that the firearm was located in another area that defendant did not have dominion or control over. If the located firearm was instead a large sum of money or other valuables would the government seek to have defendant claim the located money. This can also be construed into a motion in limine which is also designed to avoid the injection into a potential trial of potentially prejudicial matters.

TRULINCS 57492039 - SALTER, KEDAR - Unit: MIL-D-A

---

Before this honorable tribunal are several grainy distorted photos of defendant allegedly possessing a firearm that the government has charged him. Presenting this frivolous charge before this honorable tribunal is a clear violation of the attorney for the government oath to model rules of professional conduct rule 3.8 because the alleged evidence does not beyond a reasonable doubt substantiate PROBABLE CAUSE to prosecute. In fact, this matter should be looked upon as a selective prosecution and be immediately dismissed.

Conclusion,
Defendant respectfully requests a video hearing to present additional material evidence to exonerate him from the pending charges.

Respectfully

_____
Kedar Salter

PROOF OF SERVICE
I, Kedar Salter, certify that a true copy of the foregoing motion was sent to the clerk of courts on this _____ day of April 2021.

Respectfully

_____
Kedar Salter

Hedar Salter
NAME
57492-039
REG. NO.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

FILED
APR 16 2021
CLERK'S OFFICE
DETROIT

METROPLEX MI 480
13 APR 2021 PM 17 L

4/13/2021

Clerk of the Court
Theodore Levin Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

48226-277758